**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Robert Waters, Jr., | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| American Heritage Life Insurance | ) | |
| Company and Ingles Markets, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of North Carolina.

II.

Defendant American Heritage Life Insurance Company (hereinafter "American Heritage") is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

III.

Defendant Ingles Markets, Inc. (hereinafter "Ingles") is a corporate entity organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

IV.

In this matter, Plaintiff seeks long term disability (LTD) benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) as against Defendant American Heritage, and this court

has jurisdiction to hear that matter based upon a federal question. Defendant American Heritage is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)). Plaintiff also asserts various alternative causes of action pursuant to South Carolina state law and, in the alternative, ERISA 29 U.S.C. § 1001 *et. seq.* as against Defendant Ingles. Additionally, regarding that letter, there is complete diversity of citizenship between the Plaintiff and Defendant Ingles and the amount in controversy exceeds $75,000.00.

V.

Until July 2015, Plaintiff was employed with Ingles Markets, Inc., and as an employee of Ingles Markets, Inc., Plaintiff was provided with LTD coverage via a plan which was fully insured by Defendant American Heritage. Besides being the insurer of the plan, Defendant American Heritage is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant American Heritage is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant American Heritage is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

VI.

Plaintiff became disabled on July 31, 2015 because of certain problems from which he suffered. Plaintiff was forced to cease working and he filed a claim for LTD benefits. Plaintiff complied with the terms and conditions of the LTD plan in every way and paid premiums via his paychecks for coverage under the LTD plan.

VII.

Defendant denied Plaintiff's claim asserting that Plaintiff's coverage under the LTD plan terminated effective June 30, 2015. In fact, Plaintiff paid premiums to Defendant Ingles via his paycheck for the LTD coverage, and Defendant Ingles accepted such premiums for coverage up until Plaintiff's date of disability on July 31, 2015. It was represented to Plaintiff by Defendant Ingles that he remained a participant in the LTD plan. Defendant American Heritage has failed and refused to provide Plaintiff the benefits which he seeks, and has not provided Plaintiff any method by which to appeal the denial of his claim.

## FOR A FIRST CAUSE OF ACTION

## (Against Defendant American Heritage For Benefits Pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B))

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan. In the event that the court reviews the record and/or other relevant information and determines that the Defendant American Heritage abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and

fair" review by the appropriate claim fiduciary Defendant. Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

## FOR A SECOND CAUSE OF ACTION

### (For Alternative Relief Against Defendant Ingles for Negligence Under State Law)

X.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

XI.

Defendant Ingles owed a duty to be aware of persons for whom it was accepting premiums and to pay those premiums to Defendant American Heritage to ensure that plan participants such as Plaintiff had LTD coverage.

XII.

Defendant Ingles was negligent, willful, wanton, and reckless in the following and other particulars to-wit:

1. in failing to advise Plaintiff that he had no coverage under the LTD plan;

2. in affirmatively misrepresenting to Plaintiff that he had coverage; and

3. Accepting premiums from Plaintiff for LTD coverage, but not transmitting those premiums to Defendant American Heritage.

XIII.

As a direct and proximate result of the above negligent, willful, wanton and reckless acts of the Defendant Ingles, Plaintiff thought he had LTD insurance coverage up until the time of his disability. Because of Defendant Ingle's representations, Plaintiff did not purchase other LTD

insurance.  Accordingly, Plaintiff was harmed by the Defendant Ingles' negligence because he is now disabled and without income he would otherwise be entitled to under the LTD plan. Plaintiff respectfully request that the court or trier of fact award such actual damages as it deems appropriate for the Defendant Ingles' negligent, willful acts.

**FOR A THIRD CAUSE OF ACTION**

**(For Alternative Relief Against Defendant Ingles Under State Law For Promissory**

**Estoppel)**

XIV.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth below.

XV.

Defendant Ingles made an affirmative representation to Plaintiff that he had LTD insurance coverage up to his date of disability by not only representing to Plaintiff that he had LTD coverage, but continuing to deduct the premiums for such coverage from Plaintiff's paychecks.  Defendant Ingles intended the Plaintiff to act on the representation, and Plaintiff did act upon the representation by applying for LTD benefits with Defendant American Heritage.

XVI.

Defendant Ingles has breached its promise to Plaintiff and upon which he relied and that the Plaintiff has suffered in that he did not have LTD coverage at the time of his disability and is, therefore, without income due him under the LTD plan.  Accordingly, Plaintiff respectfully requests that the trier of fact award Plaintiff such actual damages based upon the theory of promissory estoppel against Defendant Ingles as the trier of fact deems appropriate.

**FOR A FOURTH CAUSE OF ACTION UNDER ERISA**

**(For Alternative Relief Against Defendant Ingles in the Event the Court Decides That Plaintiff's State Law Causes of Action are Preempted by ERISA)**

XVII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

XVIII.

Plaintiff believes that his claim is governed by the law of the state of South Carolina. However, if the court disagrees and determines that ERISA preempts Plaintiff's state law causes of action then Plaintiff respectfully pleads the following cause of action under ERISA as an alternative ground for relief.

XIX.

Defendant Ingles is a fiduciary of the subject LTD plan regarding the acceptance of premiums and providing coverage to eligible persons. The court may construct an equitable remedy, including estoppel and/or waiver, pursuant to ERISA which may bind Defendant Ingles to covering Plaintiff's claim for LTD benefits.

XX.

Defendant Ingles breached its fiduciary duty because it:

1. failed to transmit Plaintiff's LTD premiums to Defendant American Heritage;

2. failed to, at any time, advise Plaintiff that he did not have LTD coverage;

3. failed to administer its ERISA plan represented by the policy in the best interest of its participants including Plaintiff;

4. continued to accept premiums paid for coverage from Plaintiff thereby representing that Plaintiff was a participant in the plan;

XXI.

Defendant Ingles breached its fiduciary duties pursuant to 29 U.S.C. § 1104 as set forth above.

XXII

Plaintiff became disabled on July 31, 2015. As a direct and proximate result of the above specific breaches of fiduciary duty, he did not have the LTD insurance coverage which he believed he maintained. As a direct and proximate result of the above breaches of fiduciary duty, Plaintiff has been denied insurance benefits to which he would have otherwise been entitled but for Defendant Ingles' failure to transmit the premiums to Defendant American Heritage.

XXIII.

Plaintiff respectfully requests that this court consider the matters raised herein and hold that Defendant Ingles breached its fiduciary duty as set forth above and that the court structure an appropriate equitable remedy under ERISA 29 U.S.C. §1132 (a)(3) or any other provision of ERISA 29 U.S.C. §1132 that the court may deem applicable given the facts. Possible remedies include but are not limited to: (1) a holding that Defendant Ingles is bound to coverage under waiver theories or other equitable theories and in light of its actions in representing that coverage existed and in accepting premiums until Plaintiff's disability; or (2) a holding that Plaintiff is entitled to coverage based upon a "make whole" or other equitable theory which would put the parties back in the position they would have occupied but for the breach of fiduciary duty (i.e. Defendant Ingle's failure to timely notify Plaintiff that he was not enrolled in the LTD plan); or (3) a holding that Defendant Ingles must pay Plaintiff an amount equal to benefits which would

have been available had Plaintiff's disability been covered. The court could order this requested relief as a "surcharge" as a traditionally available equity.

**WHEREFORE,** having fully stated his complaint against the Defendants, Plaintiff prays for: 1) a declaration of entitlement to the long term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B), 2) attorney's fees and costs pursuant to 29 U.S.C. §1132(g). Alternatively, Plaintiff prays for: 1) such actual damages on Plaintiff's state law claims as the court deems appropriate; 2) attorney's fees and costs pursuant to Title 38 of the South Carolina Code of Laws; or, in the alternative, 1) a declaration that Defendant Ingles has breached its fiduciary duties under ERISA as set forth above and that the court structure an equitable remedy as allowed by any provision of 29 U.S.C. § 1132; and 2) attorney's fees and costs pursuant to 29 U.S.C. § 1132(g). In any event, Plaintiff additionally prays for such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/M. Leila Louzri_____
M. Leila Louzri, Esq.
Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**
Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:   llouzri@fosterfoster.com

Date: March 10, 2016                    Attorneys for Plaintiff